UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA PENA,<br>Plaintiff,<br>v.<br>DG STRATEGIC VII, LLC, *et al.*,<br>Defendant. | Case No. 1:26-cv-04475-KES-CDB<br>ORDER RE: REQUEST FOR RESOLUTION OF DISCOVERY DISPUTE<br>(Doc. 13) |

Currently before the Court is a discovery dispute that Plaintiff Angelica Pena ("Plaintiff") and Defendants DG Strategic VII, LLC and Dollar General Corporation ("Defendants") have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure. *See* (Docs. 12, 13).

**<u>Background</u>**

This is a wrongful termination, discrimination, and retaliation action by Plaintiff against her former employer (Defendants). According to the allegations of her complaint, Plaintiff was hired by Defendants in or about April 2023 as a general warehouse worker, where she was employed until in or about August 2024. During her employment, Plaintiff was involved in a car accident and sustained an injury to her lower back and neck. Plaintiff was placed on medical leave on or about May 16, 2024, which was extended through July 2, 2024. On that date, Plaintiff was able to return to work with some limitations imposed on her physical activities. She communicated these restrictions to Defendants but

Defendants either failed to respond or refused to accommodate her. Plaintiff was again placed on medical leave following a medical procedure in July 2024. She was able to return to work on July 30, 2024, and requested Defendants accommodate her disability-related limitations, but Defendants refused. Defendants terminated Plaintiff's employment on or about August 14, 2024.

Plaintiff alleges that Defendants retaliated against and terminated her for requesting accommodations for her disability in the form of medical leave. She claims that Defendants' wrongful termination caused her to sustain both economic damages (including income and employment benefits, lost and unpaid wages) and noneconomic damages ("psychological and emotional distress, humiliation, and mental and physical pain and anguish"). Among the eight causes of action pleaded in the complaint, Plaintiff asserts a claim against Defendants for intentional infliction of emotional distress. In that claim, Plaintiff alleges that Defendants' wrongful conduct has caused her to suffer and continue to suffer "loss of her reputation, shame, mortification, humiliation, embarrassment, severe mental and emotional distress and anguish, as well as severe anxiety, trepidation, apprehension, panic, dread, fear, worry, and hurt feelings."

Following their filing of a joint letter brief at the Court's direction (Docs. 12, 13), on November 18, 2026, the Court convened with the parties on the record via Zoom videoconference to address the discovery disputes. (Doc. 14). Attorney Leeor Vaknin appeared on behalf of Plaintiff; attorney Sumithra Rao appeared on behalf of Defendants. At the beginning of the conference, the parties agreed to the Court's resolution of the identified discovery disputes on the current record in lieu of motion to compel proceedings under Local Rule 251, preserving only their recourse to seek review of the undersigned's anticipated order by the presiding district judge pursuant to Fed. R. Civ. P. 72(a).

**Discussion**

As set forth in their joint letter brief (Doc. 13), the parties dispute whether and the extent to which the Court should attach temporal and subject matter limitations on Defendants' proposed third-party subpoenas to two of Plaintiff's medical providers (for chiropractic, back, and pain services).

First, as to a temporal limitation on the subpoenas' call for records, Plaintiff seeks for the subpoenas to be limited to a production of records no older than approximately 14 months prior to Plaintiff's commencement of employment with Defendants (e.g., records created on or after January 1,

2022). Defendants argued in the parties' joint brief that the temporal limitation should be set at approximately 44 months prior to Plaintiff's commencement of employment with Defendants (e.g., records created on or after August 15, 2019). During the informal discovery dispute conference, counsel for Defendants expressed willingness to compromise and incorporate Plaintiff's proposed lookback date (January 1, 2022) into the third-party subpoenas.

"The relevant time period for discovery must be determined on a case-by-case basis. There is no rule that discovery be constrained to a particular time period beyond the general standard under Rule 26(b)(1) requiring that discovery be relevant and proportionate." *In re Social Media Liab. Litig.*, No. 22-md-03047-YGR (PHK), 2024 WL 3488659, at *5 (N.D. Cal. June 20, 2024) (quotation marks and citation omitted). Courts, including judges of this Court, commonly impose temporal limitations on discovery demands to properly balance the relevance and proportionality prerequisites under Rule 26. *E.g., Henderson v. Lazar Freight, LLC*, No. 1:25-cv-01316-JLT-CDB, 2026 WL 1405982, at *2 (E.D. Cal. May 19, 2026) (imposing 10-year lookback period on the defendant's third-party medical subpoenas); accord *Carlson v. Colorado Ctr. For Reproductive Med.*, LLC, 341 F.R.D. 266, 283 (D. Co. 2022); *Sartin v. Exxon Mobil Corp.*, No. 22-603-JWD-RLB, 2023 WL 4836662, at *6 (M.D. La. July 27, 2023); *Flouke v. Jacksonville Sheriff's Office*, No. 3:05-cv-473-J-25MCR, 2005 WL 8159710, at *2 (M.D. Fla. Dec. 16, 2005). Under some circumstances, however, temporal limitations on discovery demands may not be warranted. *E.g., Bell v. U.S. Dep't of Interior*, No. 2:12-cv-01414 TLN JFM (PS), 2013 WL 4482907, at *7 (E.D. Cal. Aug. 19, 2013) ("plaintiff argues that defendants' discovery requests should be limited to two different claimed time periods. However, in her operative first amended complaint, plaintiff seeks damages for exasperated [*sic*] preexisting conditions and for future medical bills which would indicate a broad range. Therefore, the court finds a limited date range is not reasonable, given plaintiff's allegations") (internal footnote and reference omitted).

Having balanced the relevant factors, including Plaintiff's privacy interests[1] and Defendants' need for discovery of Plaintiff's preexisting medical conditions that may inform the proximate

[1] In a case such as this predicated solely on diversity jurisdiction, the state law of privilege applies. *See Lite On It Corp. v. Toshiba Corp.*, No. CV 07-04758-SGL(AJWx), 2009 WL 10669760, at *3 (C.D. Cal. Mar. 4, 2009) (citing Weinstein's Fed. Evid. § 501.02[2][b] at 501-11); *see also* Fed. R. Evid. 501. Although Plaintiff invokes her right to privacy as a basis for objecting to the proposed third-party subpoenas, she did not

causation analysis implicated in Plaintiff's claims, and for the reasons set forth and preserved on the record and herein, the Court finds that a temporal limitation on Defendants' subpoenas (January 1, 2022) is warranted. Although the Court cannot rule out that medical records documenting Plaintiff's medical conditions more than 14 months prior to the commencement of her employment by Defendants (*e.g.*, on August 15, 2024) may contain relevant information, under the circumstances and given the current state of discovery, that information is likely to have marginal (if any) relevance to Plaintiff's claims and Defendants' defenses, and separately, is disproportional to the needs of the case.

Second, as to subject matter limitations on the subpoenas' call for records, during the informal discovery dispute conference, the Court proposed, and counsel for Defendants expressed agreement to, narrowing the scope of records to discrete injuries, medical conditions, and treatment that is relevant and proportional to the needs of the case. Specifically, given that Plaintiff's claims relate to her allegations concerning a car accident, her sustaining neck and back injuries thereto, and her suffering various forms of psychological and emotional distress, humiliation, and mental and physical pain and anguish, the subpoenas should be limited to records relating to those injuries and conditions. Thus, the Court finds that the attachment to the subpoenas must be modified—including specifically Paragraphs 1, 3, 6, 7, and 11—to call for records (including patient communications, treatment notes, medical leave requests and authorizations, proposed/requested/implemented work restrictions and accommodations, prescriptions) relating to Plaintiff's treatment for neck and back injuries and associated pain and mental health and psychological conditions.

For the reasons set forth and preserved on the record, Plaintiff's objection to Paragraph 14 of the subpoena attachment (relating to records/communications from/to/about any attorney or law firm on Plaintiff's behalf) is overruled.

* * * * *

In their joint letter brief, Defendants complain about certain of Plaintiff's perceived deficient responses to Defendants' requests for production of documents and interrogatories. (Doc. 13 at 9-10).

---

develop either in the parties' joint brief or during the discovery dispute conference any argument that addresses the relevant balancing test set forth in *Pioneer Elec. (USA), Inc. v. Super. Ct.*, 40 Cal.4th 360, 370 (2007). The Court has considered and weighed the relevant *Pioneer* factors in resolving both the temporal and subject matter limitations to be imposed on Defendants' Rule 45 subpoenas.

Having reviewed the attached written discovery propounded and responses thereto (Doc. 13-1 at Exhibit D), the Court offered the parties certain preliminary observations about some of Defendants' challenges to Plaintiff's discovery responses, and expressed its expectation that the parties will continue ongoing meet/confer efforts leading to supplemental responses and fulsome production of responsive documents by Plaintiff. The Court expects the parties to make substantial progress towards that goal within the next 30 days.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Defendants' proposed third-party subpoenas (Doc. 13-1 at Exhibit A) shall be limited to records (including patient communications, treatment notes, medical leave requests and authorizations, proposed/requested/implemented work restrictions and accommodations, prescriptions) relating to Plaintiff's treatment for neck and back injuries and associated pain and mental health and psychological conditions, dated or created on or after January 1, 2022.

IT IS SO ORDERED.

Dated: **November 18, 2026**

UNITED STATES MAGISTRATE JUDGE